IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ARTAVIS MCGOWAN DESMOND,** | } | |
| Petitioner, | } } } | |
| v. | } } | Case No.: 2:22-cv-08022-RDP |
| **UNITED STATES OF AMERICA,** | } } } | 2:11-cr-00424-RDP-SGC |
| Respondent. | } | |

### MEMORANDUM OPINION

This matter is before the court on Petitioner Artavis McGowan Desmond's[1] ("Petitioner") Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255 (Doc. # 1) and his Motion to Amend 28 U.S.C. § 2255 Motion to Vacate His Sentence. (Doc. # 7). The motions have been fully briefed. (Docs. # 1, 2, 5, 6; 7, 12, 13). For the reasons set forth below, Petitioner's motions (Docs. # 1, 7) are due to be denied and this action dismissed without an evidentiary hearing.

**I.   Background**

On December 29, 2011, a federal grand jury returned a four-count superseding indictment charging Petitioner Desmond and Donaldo Figueroa Cruz with conspiracy to distribute and possess with the intent to distribute over five (5) or more kilograms of cocaine hydrochloride ("powder" cocaine) in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). (Case No. 2:11-cr-00424-RDP-SGC, hereinafter "Cr.," Doc. # 23 at 1-2). Petitioner was also charged in Count Two with possession with the intent to distribute five-hundred (500) grams or more of cocaine hydrochloride, in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(B); and in Count Four for possession with the

---

[1] The court notes that Petitioner's § 2255 motions and all subsequent pleadings were filed under "Artavis McGowan Desmond," although he was convicted under the name "Artavis Desmond McGowan" in 2:11-cr-00424-RDP.

intent to distribute twenty-eight grams or more of "crack" cocaine and one-hundred (100) grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). (Cr. Doc. # 23 at 2-4).

Before Petitioner's trial, the United States filed a 21 U.S.C. § 851 Information "Relating to Previous Felony Conviction for Drugs" ("§ 851 Information"), notifying Petitioner that it would seek an enhanced penalty based on a prior conviction – his 1998 conviction for Unlawful Possession of a Controlled Substance (Cocaine), in violation of Alabama Code § 13A-12-212 (1975). (Cr. Doc. # 131). The § 851 Information explained that because Petitioner had a prior conviction for a felony drug offense, he faced a twenty-year mandatory minimum sentence under § 841(a)(1) and (b)(1)(A). (*Id.*).

The case proceeded to trial. On August 5, 2013, the jury returned a partial verdict, acquitting Petitioner of Counts Two and Four. (Cr. Doc. # 263 (PSR) ¶ 8). However, the jury was unable to reach a verdict on Count One, and this court declared a mistrial. (*Id.*). On November 18, 2013, a retrial on Count One began, and on November 25, 2013 the jury in the retrial found Petitioner guilty of Count One. (*Id.*).

Petitioner moved for a new trial and judgment of acquittal. (Cr. Doc. # 233). He argued that the United States's introduction of 2013 phone calls constructively amended his indictment in violation of his Fifth Amendment rights and the introduction of the calls substantively expanded the indictment – which charged only a conspiracy to traffic cocaine – because they involved discussions about heroin. (*Id.*). This court rejected these arguments and denied Petitioner's post-trial motions. (Cr. Doc. # 243).

In preparation for sentencing, a pretrial investigation report (PSR) was prepared. (Cr. Doc. # 263). Petitioner objected to paragraphs 33 and 54 of the PSR, which stated that Petitioner's 1998 conviction for Unlawful Possession of a Controlled Substance (Cocaine), in violation of Alabama

Code § 13A-12-212, was the basis for the government's § 851 Information. (Cr. Docs. # 246 at 3-5; 263 ¶¶ 33, 54). Specifically, Petitioner cited to 21 U.S.C. § 851(a)(2) for the proposition that the "government has provided no documentation showing that, in the 1990 case, the defendant either waived or was afforded prosecution by indictment." (Cr. Doc. # 246 at 5). In response, the government explained that Petitioner misinterpreted 21 U.S.C. § 851(a)(2) and attached to its filing the indictment in question and conviction paperwork. (Cr. Docs. # 247 at 7-9; 247-1).

At sentencing, on October 22, 2014, Petitioner's counsel withdrew the objection to his prior conviction, and Petitioner specifically affirmed that he had been previously convicted as alleged in the § 851 Information. (Cr. Doc. # 280 at 2-3). After all objections to the PSR were resolved and testimony was heard, the court made "specific findings" that the guidelines offense level was 38 and the criminal history category I, for a guideline range of 240 to 293 months.[2] (*Id.* at 94). After allocution, this court sentenced Petitioner to 280 months of imprisonment. (*Id.* at 106; Cr. Doc. # 265).

Petitioner appealed his conviction. (Cr. Doc. # 269). On appeal, Petitioner argued that: (1) the introduction of evidence from 2013 wiretaps constructively amended his indictment by expanding the temporal and substantive scope of the charge in Count One, in violation of his Fifth Amendment rights; (2) this court committed plain error by concluding that he qualified for a twenty-year mandatory minimum sentence under § 841(b)(1)(A) based on his 1998 Alabama conviction; and (3) he was entitled to relief under the First Step Act.

In September 2020, the Eleventh Circuit affirmed Petitioner's conviction. (Cr. Doc. # 338). Following the Eleventh Circuit's holding, in January 2021, Petitioner filed a petition for writ of

---

[2] An offense level of 38 and criminal history category of I produces a guidelines range of 235 to 293 months. However, as stated, Petitioner's one prior felony conviction increased his mandatory minimum sentence to 20 years (240 months). *See* 21 U.S.C. § 841(b)(1)(A). Therefore, Petitioner's guidelines range became 240 to 293 months.

3

certiorari with the Supreme Court. (S. Ct. docket no. 20-1586). The Supreme Court denied Petitioner's petition on June 14, 2021, making Petitioner's conviction final. (*Id.*).

On June 22, 2022, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, asserting various grounds for ineffective assistance of counsel. (Docs. # 1, 2). The government filed responsive briefing arguing that Petitioner's § 2255 motion is (1) time-barred; (2) procedurally barred; and (3) not cognizable on collateral review. (Doc. # 5 at 7). On October 2, 2023, Petitioner filed a Motion to Amend his original § 2255 Motion (Doc. # 7) to add an additional claim for ineffective assistance of counsel. The court granted the motion to amend (Doc. # 8), and the government responded that the motion to amend was also time-barred, as well as without merit. (Doc. # 12).

## II.     Standard of Review

Title 28 U.S.C. § 2255 authorizes federal prisoners to file a motion in the court of conviction to vacate, set aside, or correct their sentence on the ground that the sentence was imposed in violation of the Constitution or the laws of the United States. *See* 28 U.S.C. § 2255(a). A § 2255 motion is subject to heightened pleading requirements that mandate that such a motion must specify all the grounds of relief and state facts that support each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his motion fails to state a cognizable claim or contains only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly

4

incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

**III.   Discussion**

The court first considers whether Petitioner's original § 2255 motion was timely. After that discussion, the court addresses the merits of his claims.

**A.   Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "Congress prescribed a one-year statute of limitations on § 2255 motions." *Davenport v. United States*, 217 F.3d 1341, 1343 (11th Cir. 2000). The statute of limitations begins to run from the "date on which the judgment of conviction becomes final."[3] 28 U.S.C. § 2255(f)(1). Here, Petitioner's conviction became final on June 14, 2021 when the Supreme Court denied his petition for writ of certiorari. (S. Ct. docket no. 20-1586); *see Washington v. United States.*, 243 F.3d 1299, 1300-01 (11th Cir. 2001) (holding that a defendant's conviction was final when the Supreme Court denied his certiorari petition). Therefore, Petitioner had until June 14, 2022 to file a § 2255 motion.

Typically, with pro se prisoners, the court applies the prison mailbox rule, under which "a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (citing *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary in the form of prison logs or other records," courts assume a prisoner delivered a filing to prison authorities on the date he signed it. *Washington*, 243 F.3d at 1301.

Although Petitioner's § 2255 motion was not filed with the court until June 22, 2022 (Docs. # 1 and 2), it was signed and dated June 11, 2022. (Docs. # 1 at 12; 2 at 22). On first glance, this

---

[3] The statute lists three other situations in which the statute could begin to run, but none are applicable here. *See* 28 U.S.C. § 2255(f).

5

appears to be the presumptive filing date. *Washington*, 243 F.3d at 1301; *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). However, the motion was not mailed from the prison mail system. In his § 2255 motion (Doc. # 1), Petitioner included a copy of the outside envelope in which the motion was mailed, which was postmarked June 16, 2022 and appears to have been mailed by "Second Chance 4 R.E.A.L., Tommy Walker, Certified Paralegal." (Doc. # 1-1). Because Petitioner did not deliver the motion to the prison authorities or otherwise use the prison mail system at FCI Talladega, Alabama (where he was housed at the time), he may not avail himself of the prison mailbox rule. Therefore, because Petitioner's § 2255 motion was placed in the mail two days after the deadline to file, the motion is time barred. However, for the reasons discussed below, even if Petitioner's motion had been timely filed (and, again, it was not), his ineffective assistance of counsel allegations still fail on the merits.

        **B.**      **Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion and are therefore not subject to a procedural bar for failing to raise them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). An ineffective assistance of counsel claim has two prongs: (1) the petitioner "must show that the counsel's performance was deficient"; and (2) the petitioner "must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The second prong is satisfied only when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In examining counsel's performance, the court should be "highly deferential." *Id.* at 689. The court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct

6

the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* The court must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*; *see Bell v. Cone*, 535 U.S. 685, 702 (2002) (holding that "tactical decision[s] about which competent lawyers might disagree" do not qualify as objectively unreasonable). A petitioner who seeks to overcome this presumption does not carry his burden by offering bare accusations and complaints, but rather "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The defendant must show "that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91.

Where a petitioner fails to show that his counsel's performance fell below an objective standard of reasonableness, the court need not address the issue of prejudice. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000). Where the court does consider this second prong, the petitioner must show that counsel's errors were prejudicial and "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. This burden can be met by establishing by a reasonable probability that the outcome of the proceeding would have been different but for counsel's errors. *Williams v. Threatt*, 529 U.S. 362, 391-93 (2000); *Strickland*, 466 U.S. at 691.

Petitioner alleges several grounds for ineffective assistance of counsel.[4] However, many of them fail to mention Plaintiff's lawyer or how his lawyer rendered ineffective assistance of counsel related to Petitioner's allegations. In its analysis, the court discusses these particular allegations and how they are procedurally defaulted. Below the court evaluates each ground on which Petitioner bases his ineffective assistance of counsel claim.

1. **Ground One**

Petitioner alleges that "his sentence is unreasonable because it reflects an unwarranted sentence disparity between him and many other defendants; and violates due process of law" under 18 U.S.C. § 3553(a)(6). (Doc. # 2 at 2). Specifically, Petitioner contends that "'[t]he Court failed to consider and respond' to arguments that there is a disparity between his sentence, and those of other defendants." (*Id.*). The court finds no basis for an ineffective assistance of counsel claim under this allegation. In his motion, Petitioner is silent about his lawyer's role in the alleged "unreasonable" sentencing, nor does he point to any evidence in the record that supports such a claim.

And, even if this allegation had not been raised as part of an ineffective assistance of counsel claim, it is procedurally defaulted. "Under the procedural default rule, a defendant generally must advance an available claim on direct appeal or else be barred from presenting the claim in a § 2255 motion." *Sanchez v. United States*, 2023 WL 8418024, at *6 (M.D. Ala. Oct. 12, 2023) (citing *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004)). There are, of course, two exceptions to this rule. Under the first exception, a petitioner must demonstrate "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Lynn*, 365 F.3d at 1234. And, under the second exception, a petitioner must show that "a constitutional

---

[4] Petitioner's original § 2255 motion contains several grounds for relief. Although not clearly indicated in the motion, Petitioner states in his reply brief that each of the grounds are "asked to be considered under Ineffective Assistance of Counsel." (Doc. # 6 at 3-4).

violation has probably resulted in the conviction of one who is actually innocent." *Id.* (citations omitted). Here, Petitioner has not shown cause excusing his procedural default, nor has he made a claim of actual innocence. Therefore, Petitioner fails to make a showing of ineffective assistance of counsel, and even independent of any such a claim, the underlying allegation is procedurally defaulted and not subject to collateral review.

### 2. Ground Two

Petitioner alleges that the United States presented wiretap evidence that "constructively amended [his] indictment by broadening both the substantive and temporal scope of the indictment in violation of the Fifth Amendment." (Doc. # 2 at 7). Petitioner raised this same issue when he appealed his conviction to the Eleventh Circuit. (Cr. Doc. # 338 at 9-13). And, as noted above, the Eleventh Circuit affirmed Petitioner's conviction. (Cr. Doc. # 338). Therefore, this court will not reconsider these claims as they were raised and disposed of on direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977).

To the extent that Petitioner now argues that his counsel was ineffective for "failing to object to the district court's constructive amendment of his indictment or to raise that issue on appeal properly" (Doc. # 2 at 5), this argument is without merit for two reasons. First, Petitioner's counsel filed a motion for a new trial and renewed judgment of acquittal in which he argued that the admission of the wiretap recordings constituted a material variance from Petitioner's indictment. (Cr. Doc. # 233). Petitioner's counsel also filed a supplemental motion for new trial and argued that the admission of the 2013 wiretap recordings constructively amended the indictment in violation of his Fifth Amendment rights. (Cr. Doc. # 236). Second, in his brief to the

9

Eleventh Circuit, Petitioner's counsel presented the same arguments that Petitioner raises today in his § 2255 motion. *See* Amended Brief of the Appellant at 12, *United States v. McGowan*, 2018 WL 5044036, at *12 (11th Cir. 2018). ("The introduction of wiretapped conversations from 2013 constructively amended [Petitioner's] indictment."). Based on this evidence and because the Eleventh Circuit has already dealt with the facts and arguments underlying this allegation, the court finds that Petitioner has failed to prove that counsel's performance was deficient related to whether the government's evidence at trial constructively amended his indictment.

### 3. Ground Three

Petitioner claims that counsel rendered ineffective assistance when he "failed to raise an individualized drug finding at the sentencing stage in violation of the Sixth Amendment." (Doc. # 2 at 10). He contends that the indictment did not allege individualized findings and that the jury was not instructed to find them as to any defendant. (*Id.* at 9). And, because of this, Petitioner alleges his mandatory minimum sentence "was based on relevant conduct and other crimes not alleged in the indictment." (*Id.*). He asserts that his counsel's failure to request an individualized finding resulted in an *Alleyne* violation. (*Id.* at 10). *Alleyne v. United States*, 570 U.S. 99 (2013). In *Alleyne*, the Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of a crime, not a "sentencing factor," and must be submitted to the jury. *Alleyne*, 570 U.S. at 99. Even considering *Alleyne*, Petitioner's allegation is without merit for two reasons. First, Petitioner's mandatory minimum sentence was based on his 1998 conviction for Unlawful Possession of a Controlled Substance (Cocaine), in violation of Alabama Code § 13A-12-212 (1975). (Cr. Doc. # 131). Second, Petitioner's claim that his counsel violated *Alleyne* regarding the conviction is baseless. Although counsel did not specifically cite *Alleyne*, he objected to the PSR on the same grounds as the Supreme Court's holding in *Alleyne*. In his objection to the PSR, Petitioner's counsel stated "The use of a prior conviction, without proving that fact to a jury beyond

10

a reasonable doubt, violates [Petitioner's] Fifth and Sixth Amendment rights under the constitution." (Cr. Doc. # 246).

Following this objection, at sentencing Petitioner's counsel withdrew the objection to his prior conviction, and Petitioner specifically affirmed that he had been previously convicted as alleged in the § 851 Information. (Cr. Doc. # 280 at 2-3). Although counsel did not explain why the objection was withdrawn, it was likely because *Alleyne* does not apply to prior convictions – which the court specifically noted at sentencing. (Cr. Doc. # 232 at 119-121). *See Alleyne*, 570 U.S. at 111 n.1 (noting how prior convictions do not apply to the court's holding). For these reasons, the court concludes that Petitioner has failed to state a claim of ineffective assistance of counsel based on his lawyer's alleged failure to request individualized findings at sentencing.

4. **Ground Four**

Petitioner argues that this court "erred in concluding that [he] was subject to the 20-year mandatory minimum sentence for his prior Alabama felony drug conviction." (*Id.* at 14). Like Petitioner's allegations pursuant to ground two (discussed above), this claim was dealt with directly by the Eleventh Circuit when Petitioner appealed his conviction. (Cr. Doc. # 338). That is, the Eleventh Circuit flatly rejected this argument and found that Petitioner had not shown plain error by this court. (*Id.* at 15). Because the claim was raised and decided against Petitioner on his direct appeal, it is procedurally barred from collateral review. *See Nyhuis*, 211 F.3d at 1343. And, again, like Petitioner's allegations pursuant to ground two, Petitioner has failed to show how his lawyer rendered ineffective assistance related to this allegation, especially in light of the fact that his lawyer raised this very argument on appeal. Therefore, the court finds that Petitioner has failed to prove ineffective assistance of counsel under this ground.

### 5. Ground Five

Petitioner next alleges that the court erred in applying a sentencing enhancement for obstruction of justice based on the conduct of Petitioner's co-defendant and uncharged conduct not proven beyond a reasonable doubt. (Doc. # 2 at 17). He argues that the United States "failed to meet its burden proving that [he] willfully participated in the alleged attempted obstruction of justice." (Doc. # 2 at 18). The court finds no basis for an ineffective assistance of counsel claim under this allegation. In his motion, Petitioner fails to mention his lawyer's role in connection to this claim nor does he point to any evidence in the record where his lawyer acted ineffectively. Further, even if this allegation had not been raised under an ineffective assistance of counsel claim, it is procedurally defaulted because Petitioner did not raise it on direct appeal. *See Sanchez*, 2023 WL 8418024, at *6 (citing *Lynn*, 365 F.3d at 1234).

### 6. Ground Six

Petitioner alleges that this court "erred in applying enhancements under the United States Sentencing Guidelines for crimes not charged or proven." (Doc. # 2 at 18). Here, as with some of his previous allegations, Petitioner does not mention any conduct of his counsel in relation to this claim. Thus, this court finds no basis for an ineffective assistance of counsel claim. And, in any event, the claim is procedurally defaulted because Petitioner did not raise it on direct appeal. *See Sanchez*, 2023 WL 8418024, at *6 (citing *Lynn*, 365 F.3d at 1234).

### 7. Ground Seven

In his motion to amend his original § 2255 motion, Petitioner asserts one last claim of ineffective assistance of counsel. Petitioner argues that his counsel rendered ineffective assistance of counsel because he failed to inform him that he could enter an "open plea."[5] (Doc. # 7 at 4).

---

[5] In his motion to amend (Doc. # 7), Petitioner uses the term "open plea" to refer to entering a guilty plea without a plea agreement in place. These pleas are more commonly referred to as "blind pleas."

12

Petitioner claims that prior to both trials in his case, he wanted to enter pleas of guilty, but his counsel told him that was "not a possibility." (Doc. # 7 at 6). Specifically, Petitioner alleges that before his first trial, "counsel advised that unless Petitioner was willing to cooperate with the Government against others, he would not be permitted to enter a plea of guilty" and there was not an option of pleading without cooperating. (*Id.*). Petitioner alleges that before his retrial, he inquired again as to whether he could enter a plea and avoid trial, but "[c]ounsel advised that the Government was no longer interested in cooperation and that Petitioner's only option was to proceed to trial." (*Id.*).

In its response to Petitioner's motion to amend, the government argues that "no formal plea offer was ever made to [Petitioner] because of his adamant stance that he was not guilty and would not plead guilty." (Doc. # 12 at 6). And, after reviewing all electronic correspondence with Petitioner's counsel throughout the litigation, it found no communication regarding a settlement of the case or "even a draft plea agreement as is customary where a defendant requests a plea offer." (Doc. # 12 at 6, 6 at n.3). Additionally, the government points to Petitioner's own words at sentencing where he stated, "I just wanted to maintain my innocence in this case." (Cr. Doc. # 280 at 104).

When the basis for a § 2255 motion is a challenge to the decision not to plead guilty and proceed to trial "'based on ineffective assistance of counsel, [Petitioner] must show that there is a reasonable probability that, but for the counsel's errors, he would have pleaded guilty and would not have insisted on going to trial.'" *Oliver v. United States*, 292 Fed. App'x 886, 887 (11th Cir. 2008) (per curiam) (quoting *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995)). In many cases, such a claim requires an evidentiary hearing. Not here.

Petitioner has provided speculative facts in attempt to argue that his lawyer was deficient and rendered ineffective assistance of counsel. As explained earlier, when examining counsel's

13

performance, the court should be "highly deferential." *Strickland*, 466 U.S. at 687. A movant who seeks to establish ineffective assistance of counsel does not carry his burden by offering bare accusations and complaints, but rather "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

Based on the extensive record in Petitioner's criminal case and the specific instances where he claims his innocence, Petitioner has not presented a colorable claim that he desired to plead guilty and avoid trial. Indeed, Petitioner's allegations, made for the first time nine years after his conviction, do not sufficiently allege a claim. Further, even if Petitioner's counsel advised him against offering a blind plea, there is nothing in Petitioner's allegations here suggesting that counsel acted unreasonably and deficiently in giving that advice. *See Drummond v. United States*, 482 F. App'x 472, 473 (11th Cir. 2012) (holding that even if Petitioner "had been advised of the opportunity to enter an open plea, he still would have decided to go to trial" based on his "repeatedly expressed interest in going to trial").

Even if Petitioner had sufficiently alleged that his lawyer was deficient by not providing him the opportunity to enter an open plea, he has not shown how he was prejudiced by his counsel's alleged deficiency. There is no indication that Petitioner would have "served a shorter prison term than the one he is currently serving." (Doc. # 7 at 8). Because Petitioner has not sufficiently alleged his counsel acted deficiently or that he was prejudiced by his counsel's alleged errors, he is not entitled to relief or an evidentiary hearing.

## IV.  Conclusion

For the forgoing reasons, Petitioner's motion to Vacate, Set, Aside, or Correct a Sentence Under 28 U.S.C. § 2255 (Doc. # 1) and his Motion to Amend 28 U.S.C. § 2255 Motion to Vacate His Sentence. (Doc. # 7) are due to be denied. An order consistent with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this December 12, 2024.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE